UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------- X
                                :
IN RE: Acetaminophen – ASD-ADHD :
Products Liability Litigation   :
                                :
This Document Relates To:       :
Anderson et al. v. Target Corp. :
et al., 22cv9052                :
Chapman et al. v. Walmart, Inc.,:
22cv8830                        :
                                :
                                :
------------------------------- X

|  |  |
|---|---|
| | 22md3043 (DLC) |
| | 22mc3043 (DLC) |
| | 22cv9052 (DLC) |
| | 22cv8830 (DLC) |
| | |
| | OPINION AND ORDER |

APPEARANCES:

For plaintiffs:
Keller Postman LLC
Ashley C. Keller
150 N. Riverside Plaza, Suite 4100
Chicago, IL 60606

Watts Guerra LLC
Mikal C. Watts
Millennium Park Plaza RFO
Ste. 410, C112
Guaynabo, Puerto Rico 00966

The Lanier Law Firm
W. Mark Lanier
Tower 56
126 East 56th St., 6th Floor
New York, NY 10022

For defendant Johnson & Johnson Consumer Inc.:
Barnes & Thornburg LLP
Sarah E. Johnston
2029 Century Park East, Suite 300
Los Angeles, CA 90067-2904

Skadden, Arps, Slate, Meagher & Flom LLP
Jessica Davidson Miller
One Manhattan West
New York, New York 10001

DENISE COTE, District Judge:

This Opinion addresses a motion to dismiss negligent and strict liability misrepresentation claims in this multidistrict products liability litigation ("MDL").  Makesha Anderson and Cherise Chapman, individually and on behalf of their minor children (together, "Plaintiffs"), have sued Johnson & Johnson Consumer Inc. ("JJCI") and Walmart, Inc. ("Walmart"; collectively, "Defendants"), alleging that their children have autism spectrum disorder ("ASD") and attention-deficit/hyperactivity disorder ("ADHD") because Chapman and Anderson used the Defendants' acetaminophen products while pregnant.[1]  The Plaintiffs allege that the Defendants violated the laws of California and Nevada when they failed to warn of the risks of prenatal exposure to acetaminophen.  For the following reasons, JJCI's motion to dismiss the misrepresentation claims brought under California law is granted for failure to plead an affirmative misrepresentation.

## Background

The following facts are drawn from the Plaintiffs' short form complaints ("SFCs") and the master complaint in this MDL that each SFC incorporates by reference.  The facts are taken as true for the purposes of this motion.

---

[1] Anderson has also sued Target Corporation ("Target").

The facts underlying the two SFCs are similar.  Anderson resides in California, and Chapman resides in Nevada.  While pregnant, each took Tylenol Extra Strength ("Tylenol").  Their children have ASD and ADHD.  The Plaintiffs assert that, had they been warned about the risk of ASD and ADHD, they would have taken less Tylenol or not taken it at all.

JJCI manufactures Tylenol.  Acetaminophen has long been marketed as the only safe over-the-counter ("OTC") pain reliever for pregnant women.  At the time the Plaintiffs took Tylenol, the label contained one warning related to pregnancy:  "**If pregnant or breast-feeding**, ask a health professional before use."  (Emphasis in original.)  There was no specific warning about the risk of ASD or ADHD.

Several scientific studies have found prenatal exposure to acetaminophen to be associated with ASD and ADHD in children.  The first cited study is from 2013.

In the years that followed, more studies associating the use of acetaminophen with ASD and ADHD were published.  Then, on September 23, 2021, a group of 91 scientists, clinicians, and public health professionals published a "Consensus Statement."  Ann Z. Bauer et al., Paracetamol Use During Pregnancy -- A Call for Precautionary Action, 17 Nature Revs. Endocrinology 757 (2021).  In the Consensus Statement, the authors note:

A growing body of experimental and epidemiological

3

research suggests that prenatal exposure to
paracetamol (N-acetyl-p-aminophenol (APAP), otherwise
known as acetaminophen) might alter fetal development,
which could in turn increase the risks of certain
neurodevelopmental, reproductive and urogenital
disorders. . . .  [W]e believe we know enough to be
concerned about the potential developmental risks
associated with prenatal APAP exposure and therefore
call for precautionary action.

Id. at 758-59.  Among the "adverse neurodevelopmental outcomes"

the Consensus Statement identifies are ASD and ADHD.  Id. at

762.  The signatories conclude:

[W]e believe the combined weight of animal and human
scientific evidence is strong enough for pregnant
women to be cautioned by health professionals against
its indiscriminate use, both as a single ingredient
and in combination with other medications.  We
recommend that APAP should be used by pregnant women
cautiously at the lowest effective dose for the
shortest possible time.  Long-term or high-dose use
should be limited to indications as advised by a
health professional.  Packaging should include warning
labels including these recommendations.

Id. at 764.

On June 7, 2022, Chapman filed her action ("Chapman

Action") in the U.S. District Court for the District of Nevada.

On July 27, Anderson filed her action ("Anderson Action") in the

U.S. District Court for the Northern District of California.  On

October 5, the Judicial Panel on Multidistrict Litigation

consolidated the Chapman Action with others asserting claims

that prenatal exposure to acetaminophen causes ASD and ADHD in

children and transferred the cases to this Court under 28 U.S.C.

§ 1407.  Others, including the Anderson Action, followed.

On November 14, motions to dismiss two actions within the MDL on the ground of preemption were denied.  In re Acetaminophen - ASD-ADHD Prods. Liab. Litig., No. 22md3043 (DLC), 2022 WL 17348351 (S.D.N.Y. Nov. 14, 2022) ("November Opinion").  At the November 17 initial pretrial conference, a schedule was set for the filing of two master complaints: one naming JJCI and the other naming Retailer Defendants.  On December 16, the MDL plaintiffs filed the master complaint against JJCI.

On January 20, 2023, the Plaintiffs filed their SFCs, and on February 3, timely amended them.  The Anderson Action asserts California state law claims against JJCI, to wit, claims for strict liability for failure to warn, strict liability for design defect due to inadequate warnings and precautions, negligence, negligent misrepresentation, strict liability misrepresentation, breach of implied warranty, and violation of California's consumer protection laws.  The Chapman Action asserts Nevada state law claims against JJCI, to wit, claims for strict liability for failure to warn, strict liability for design defect due to inadequate warnings and precautions, negligence, negligent misrepresentation, breach of implied warranty, and violation of Nevada's consumer protection laws.[2]

---

[2] Chapman also asserts a strict liability misrepresentation claim under the laws of states in which Chapman does not reside,

On February 10, JJCI moved to dismiss all of the SFCs filed against it.[3]  The motion became fully submitted on March 17.  On April 20, 2023, JJCI's motion to dismiss the Chapman Action on the ground of preemption was denied.  In re Acetaminophen - ASD-ADHD Prods. Liab. Litig., No. 22md3043 (DLC), 2023 WL 3026412 (S.D.N.Y. Apr. 20, 2023).  This Opinion addresses that portion of the JJCI motion to dismiss that is addressed to claims of strict liability and negligent misrepresentation.  A separate Opinion issued today addresses whether the complaint in the Chapman Action adequately pleads both causation and JJCI's knowledge.

The Retailer Defendants have also moved to dismiss all the SFCs filed against them.  Separate Opinions address those

---

including California.  The Chapman Action does assert, however, in its claim against Walmart, that Chapman purchased Walmart's store-branded acetaminophen in Sacramento, California.

[3] The Court has advised counsel that motions to dismiss should be brought against particular complaints and not against the master complaint.  The master complaint is not the operative pleading; it is an administrative document.  See Bell v. Publix Super Markets, Inc., 982 F.3d 468, 490 (7th Cir. 2020).  JJCI's motion has been styled as brought against all complaints filed in the MDL.  The Court, therefore, has chosen the Anderson Action and the Chapman Actions for this Opinion because both actions assert claims against both JJCI and a Retailer Defendant, allege that the use of acetaminophen during pregnancy caused children to develop both ASD and ADHD, and include claims for negligent misrepresentation under different statutory regimes.  As discussed below, California law requires an affirmative misrepresentation; Nevada law does not.

motions.  See In re Acetaminophen - ASD-ADHD Prods. Liab.
Litig., No. 22md3043 (DLC), 2023 WL 3045802 (S.D.N.Y. Apr. 21,
2023) (dismissing a consumer protection law claim).

## Discussion

JJCI moves to dismiss the Plaintiffs' negligent and strict
liability misrepresentation claims ("Misrepresentation Claims").[4]
While JJCI originally styled this motion as brought pursuant to
Rule 9(b), in its reply brief it argues as well that the claims
should be dismissed for failing to state a claim under Rule 8,
Fed R. Civ. P.

This Opinion will decide this motion under the pleading
standards provided by Rule 8.  It does not appear that the
complaints in this MDL are asserting fraud in connection with
their Misrepresentation Claims, and unless JJCI identifies a
specific complaint that appears to plead these claims under a
theory of fraud, there is no reason to assume that such a
complaint exists.  And, where there is no fraud theory
underlying a negligent or strict liability misrepresentation
claim, the Court will not assume that a plaintiff must plead

---

[4] The JJCI motion bundled the motion to dismiss the
misrepresentation claims with a motion to dismiss consumer
protection claims.  Because a consumer protection claim has
already been dismissed as preempted, this Opinion does not
further address those claims.  See In re Acetaminophen - ASD-
ADHD Prods. Liab. Litig., No. 22md3043 (DLC), 2023 WL 3045802,
at *5 (S.D.N.Y. Apr. 21, 2023).

7

with the particularity required by Rule 9(b).  <u>See</u> <u>Eternity</u>
<u>Glob. Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.</u>, 375
F.3d 168, 188 (2d Cir. 2004) (leaving unresolved whether Rule
9(b) applies to the pleading of a New York negligent
misrepresentation claim); <u>see also</u> <u>Rombach v. Chang</u>, 335 F.3d
164, 171 (2d Cir. 2004) (applying Rule 9(b) to federal strict
liability securities claims that are "premised on allegations of
fraud").  It is undisputed, however, that Rule 8 applies to
these claims, even if the heightened pleading requirements of
Rule 9(b) do not.  <u>Whiteside v. Hover-Davis</u>, 995 F.3d 315, 323
(2d Cir. 2021) ("Rule 9(b) does not give a party license to
evade the less rigid -- though still operative -- strictures of
Rule 8." (citation omitted)).

     In order to satisfy Federal Rule of Civil Procedure 8, "a
complaint must contain 'enough facts to state a claim to relief
that is plausible on its face.'"  <u>Palin v. N.Y. Times Co.</u>, 940
F.3d 804, 810 (2d Cir. 2019) (quoting <u>Bell Atl. Corp. v.</u>
<u>Twombly</u>, 550 U.S. 544, 570 (2007)).  "A claim has facial
plausibility when the plaintiff pleads factual content that
allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged."  <u>Charles v.</u>
<u>Orange County</u>, 925 F.3d 73, 81 (2d Cir. 2019) (quoting <u>Ashcroft</u>
<u>v. Iqbal</u>, 556 U.S. 662, 678 (2009)).  "To stave off threshold
dismissal for want of an adequate statement of their claim,

plaintiffs are required to do no more than state simply, concisely, and directly events that, they allege, entitle them to damages." Quinones v. City of Binghamton, 997 F.3d 461, 468 (2d Cir. 2021) (citation omitted).

JJCI makes two substantive arguments.  First, JJCI asserts that where a jurisdiction's law requires an affirmative misrepresentation, the complaint fails to plead that JJCI made such a statement.  It is correct.  Second, JJCI argues that where a jurisdiction allows a misrepresentation claim to proceed on an omission theory, the complaint has failed to adequately plead an omission.  JJCI is wrong.  The laws of California and Nevada illustrate this contrast.

I.   Anderson Action:  California Misrepresentation Law

A multidistrict litigation transferee court "applies the substantive state law, including choice-of-law rules, of the jurisdiction in which the action was filed." Desiano v. Warner-Lambert & Co., 467 F.3d 85, 91 (2d Cir. 2006) (citation omitted).  The Anderson Action was filed in California.

> California law prescribes a three-step governmental
> interest analysis to resolve choice-of-law questions.
> At step one, the court determines whether the
> substantive laws of the competing jurisdictions are
> different.  If there is a difference, the court
> examines each jurisdiction's interest in the
> application of its own law under the circumstances of
> the particular case to determine whether a true
> conflict exists.  Finally, if a true conflict exists,
> the court evaluates and compares the nature and
> strength of the interest of each jurisdiction in the

> application of its own law to determine which state's
> interest would be more impaired if its policy were
> subordinated to the policy of the other state.

Anschutz Corp. v. Merrill Lynch & Co., Inc., 690 F.3d 98, 112-13
(2d Cir. 2012) (citation omitted).

Here, there do not appear to be competing jurisdictions.
Anderson and her child reside in California, Anderson bought
store-branded acetaminophen in Target and Walmart stores located
in California, and the Anderson Action was filed in California.
No other state appears to have an interest in this litigation,
and no party has argued that the choice-of-law analysis has any
impact on JJCI's motion to dismiss.  Accordingly, this Opinion
will apply California law to the Anderson Action.

California requires a pleading of an affirmation
misrepresentation for both a strict liability and a negligent
misrepresentation claim.  It has adopted the formulation in the
Restatement (Second) of Torts § 402B as its strict liability
misrepresentation cause of action ("§ 402B").  Hauter v.
Zogarts, 534 P.2d 377, 380 (Cal. 1975); Westlye v. Look Sports,
Inc., 22 Cal. Rptr. 2d 781, 802 (Cal. Ct. App. 1993).  Section
402B provides that:

> One engaged in the business of selling chattels who,
> by advertising, labels, or otherwise, makes to the
> public a misrepresentation of a material fact
> concerning the character or quality of a chattel sold
> by him is subject to liability for physical harm to a
> consumer of the chattel caused by justifiable reliance
> upon the misrepresentation, even though

      (a) it is not made fraudulently or negligently,
          and

      (b) the consumer has not bought the chattel from
          or entered into any contractual relation with
          the seller.

Hauter, 534 P.2d at 380 n.3 (quoting Restatement (Second) of Torts § 402B (Am. L. Inst. 1695)) (emphasis supplied).  Courts have understood § 402B to require the pleading of an affirmative misstatement.  See, e.g., Willis v. Buffalo Pumps, Inc., 34 F. Supp. 3d 1117, 1130 (S.D. Cal. 2014); see also Rehler v. Beech Aircraft Corp., 777 F.2d 1072, 1077 (5th Cir. 1985) (applying § 402B under Texas law).

     The law regarding negligent misrepresentation is similar. Under California law,

    [t]o state a claim for negligent misrepresentation,
    a plaintiff must allege misrepresentation of a past
    or existing material fact, without reasonable ground
    for believing it to be true, and with intent to
    induce another's reliance on the fact
    misrepresented; ignorance of the truth and
    justifiable reliance on the misrepresentation by the
    party to whom it was directed; and resulting damage.

Dent v. Nat'l Football League, 902 F.3d 1109, 1123 (9th Cir. 2018) (citation omitted).  Thus, under California law, a negligent misrepresentation claim "requires a positive assertion, not merely an omission."  Lopez v. Nissan N. Am., Inc., 135 Cal. Rptr. 3d 116, 136 (Cal. Ct. App. 2011) (citation

omitted); <u>see also</u> <u>SI 59 LLC v. Variel Warner Ventures, LLC</u>, 239
Cal. Rptr. 3d 788, 794 (Cal. Ct. App. 2018).

JJCI's motion to dismiss the California Misrepresentation
Claims is granted.  Anderson has failed to allege that JJCI made
an affirmative misrepresentation about the risks of ASD and ADHD
from in utero exposure to acetaminophen.

Anderson argues that two allegations in the master
complaint, incorporated by her SFC, constitute affirmative
misrepresentations: a 2013 statement in which Johnson & Johnson,
Inc. ("J&J") -- JJCI's parent company -- said that Tylenol "had
an exceptional safety profile," and an undated advertisement
depicting an image of a pregnant woman.  Anderson's complaint
does not plausibly plead that either of these statements
constitutes an affirmative misrepresentation.  The 2013 J&J
statement speaking to Tylenol's general safety is not reasonably
construed as an assertion about the absence of any risks from
taking acetaminophen while pregnant.  After all, every label for
acetaminophen advises consumers, in bolded type, to consult with
a health professional if pregnant.  Similarly, including the
image of a pregnant woman in a Tylenol advertisement does not
constitute an affirmative misrepresentation.  Anderson's
California Misrepresentation Claims must be dismissed.

II.  Chapman Action:  Nevada Misrepresentation Law

For the reasons explained in a recent Opinion, the
substantive law of Nevada governs the Chapman Action.  In re
Acetaminophen - ASD-ADHD Prods. Liab. Litigation, 2022 WL
17348351, at *2.  Nevada recognizes a claim of negligent
misrepresentation and permits material omission theories to be
pursued under that misrepresentation law.  Nevada does not
recognize a claim of strict liability misrepresentation.[5]

Nevada has adopted the Restatement (Second) of Torts for
negligent misrepresentation, which states:

> One who, in the course of his business, profession or
> employment, or in any other transaction in which he
> has a pecuniary interest, supplies false information
> for the guidance of others in their business
> transactions, is subject to liability for pecuniary
> loss caused to them by their justifiable reliance upon
> the information, if he fails to exercise reasonable
> care or competence in obtaining or communicating the
> information.

Halcrow, Inc. v. Eighth Jud. Dist. Ct., 302 P.3d 1148, 1153
(Nev. 2013) (citation omitted).  "A party makes a false
representation when it suppresses or omits a material fact which
the party is bound in good faith to disclose."  Saticoy Bay,
LLC, Series 34 Innisbrook v. Thornburg Mort. Sec. Tr. 2007-3,
510 P.3d 139, 143 (Nev. 2022) (citation omitted); see also In re

---

[5] Chapman asserts that she purchased acetaminophen in California
and appears to plead a claim of strict liability
misrepresentation under California law.  For the reasons just
explained, however, her claim of strict liability
misrepresentation must be dismissed for failure to plead an
affirmative misrepresentation.

Agribiotech, Inc., 291 F. Supp. 2d 1186, 1189 (D. Nev. 2003)
(finding that Nevada "recognize[s] the tort of negligent
misrepresentation by nondisclosure").

JJCI asserts that Chapman has not sufficiently pled an
omission.  The SFC adequately pleads that by failing to include
a warning about the risk of in utero exposure to acetaminophen
on its Tylenol labels, JJCI omitted material information about
the safety of its acetaminophen product that JJCI had a duty to
disclose.  As a manufacturer of Tylenol, JJCI had a duty to make
sure that its Tylenol label contained adequate warnings.  Wyeth
v. Levine, 555 U.S. 555, 570-71 (2009); see also Allison v.
Merck & Co., Inc., 878 P.3d 948, 954-57 (Nev. 1994) (discussing
strict liability in tort for drug manufacturers under Nevada
law).  The SFC gives JJCI fair notice of the theory of omission
underlying Chapman's claim, specifically that JJCI should have
disclosed the risks associated with in utero exposure to
acetaminophen and the development of ASD and ADHD.

JJCI argues that an omission is not adequately pled because
Chapman failed to allege the exact warning that should have been
on the Tylenol label.  Nevada law does not require a plaintiff
to propose a specific warning to prevail in a failure to warn
action.  See Motor Coach Indus., Inc. v. Khiabani by and through
Rigaud, 493 P.3d 1007, 1012 (Nev. 2021).  In the absence of a
burden to prove at trial what the content of the warning should

14

have been, a plaintiff can have no burden to plead that warning in its complaint.

Second, JJCI argues that an omission is not adequately pled because Chapman failed to allege that she read the Tylenol label before purchasing the drug.  The SFC alleges that Chapman "relied on [JJCI's] representations and ingested Tylenol while pregnant."  This is sufficient to meet her pleading burden.

Third, JJCI notes that the studies cited by Chapman were publicly available when she took Tylenol, and therefore JJCI could not have fraudulently concealed this information.  JJCI confuses fraud with negligence.  See Rombach, 355 F.3d at 170-71.  A claim of negligent misrepresentation under Nevada law requires proof that the defendant did not exercise reasonable care when it made a false representation.  No proof of an intent to defraud is necessary.  See Wild Game Ng, LLC v. IGT, No. 63249, 2015 WL 7575352, at *1 (Nev. Nov. 24, 2015); see also Restatement (Second) of Torts § 552 cmt. a (Am. L. Inst. 1977) (distinguishing negligent misrepresentation from fraudulent misrepresentation).  Accordingly, JJCI's citations to cases addressing allegations that the defendants fraudulently concealed publicly available information are inapposite.

## Conclusion

JJCI's February 10, 2023 motion to dismiss claims of negligent and strict misrepresentation is granted in part. Since California requires these claims to be based on an affirmative misrepresentation, these claims are dismissed in the Anderson Action.   Since Nevada permits a claim of negligent misrepresentation to be pursued on an omission theory, the motion to dismiss this claim from the Chapman Action is denied.

Dated:    New York, New York
          April 27, 2023

                                DENISE COTE
                       United States District Judge

16